IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02444–WYD–KMT

AMERICAN WEB, INC.,

    Plaintiff/Counter-Defendant,

v.

FLOM CORPORATION, a Maryland corporation,

    Defendant/Counter-Claimant.

---

# ORDER

---

This matter is before the court on Plaintiff's "Motion for Leave to File Amended Complaint." (Doc. No. 39, filed Mar. 1, 2012 [Mot.].) Defendant filed its Response on March 16, 2012 (Doc. No. 41 [Resp.]) and Plaintiff filed its Reply on April 2, 2012 (Doc. No. 51 [Reply]). For the following reasons, Plaintiff's Motion is GRANTED.

In its Second Amended Complaint, Plaintiff alleges claims for breach of contract, declaratory judgment, and breach of good faith and fair dealing based on Defendant's alleged failure to pay for Plaintiff's wastepaper in accordance with the terms of an agreement between the parties. (*See* Second Am. Compl., Doc. No. 20.) In its Motion, Plaintiff seeks leave to amend its Second Amended Complaint to add three additional parties—Lloyd Stirmer, Peter Abeles, and John Doe, the unknown trustee of a trust with a significant ownership interest in Flom Corporation. (*See* Mot. ¶ 14.) Plaintiff also seeks to add several tort law

claims—specifically claims for conversion, fraud by deceit, and negligent misrepresentation. (*Id.* ¶ 15.) Finally, Plaintiff seeks to assert a claim against proposed defendants Abeles and Doe for the imposition of a constructive trust. (*Id.* ¶ 16.)

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

The deadline for amending the pleadings in this matter was set for March 3, 2012. (*See* Minute Order, Doc. No. 31, filed Feb. 13, 2012.) Accordingly, Plaintiff's Motion is timely.

Defendant argues that Plaintiff's Motion should be denied as futile because (1) Plaintiff's proposed tort claims are barred by Colorado's economic loss rule; (2) Plaintiff fails to plead sufficient allegations to support piercing the corporate veil, as is necessary for liability to attach to proposed defendant Stirmer; and (3) Plaintiff's proposed claim for the imposition of a constructive trust fails to state a claim for relief. (*See* Resp.)

While the court acknowledges that it may "deny leave to amend if the proposed amendments fail to state plausible claims for relief under Rule 12(b)(6) . . . [p]rejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend." *Stender v. Cardwell*, 07–cv–2503–WJM–MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (citing *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006)). Thus, where opposing parties "do not argue they face any—let alone undue—prejudice" if the court grants leave to amend the pleadings, their opposition to the motion is "grievously weakened." *Id.*

Here, Defendant does not, and likely could not, argue that they will face any prejudice if Plaintiffs' Motion is granted. Consequently, like in *Stender,* the court opts to preserve scare judicial resources and declines to address Defendant's futility argument. *Id.*

Indeed, the court finds this approach to be particularly appropriate here. In its Reply, Plaintiff argues that Maryland, rather than Colorado, law governs this matter, and that under Maryland law, Plaintiff's tort claims are not barred by the economic loss rule. (Reply at 2-7.) Plaintiff further maintains that his claims against proposed defendant Stirmer are viable because Mr. Stirmer personally committed the alleged torts, and therefore piercing the corporate veil is

unnecessary.  (*Id.* at 11-12.)  Finally, as to Defendant's position that Plaintiff's constructive trust claim must fail, Plaintiff maintains that the primary Colorado Court of Appeals case cited by Defendant is in direct conflict with two Colorado Supreme Court decisions that instead support Plaintiff's constructive trust claim.  (*Id.* at 12-13.)

Because Plaintiff's Reply completed briefing on this matter, *see* D.C.COLO.LCivR 7.1C, Defendant has not had an opportunity to respond to any of the above arguments raised therein.  The court finds that these issues would benefit from a more extended analysis, particularly because Plaintiff has pointed to an ostensible conflict in Colorado case law.  The court is reluctant to resolve this and the other issues raised in Plaintiff's Reply without additional input from Defendant.  As such, the court finds that Defendant's futility arguments are likely better addressed after Plaintiff's operative complaint is in place, if and when Defendant files a motion to dismiss on the same grounds.  *Stender,* 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011); *see also Gen. Steel Domestic Sales, LLC v. Steel Wise, LLC*, 2008 WL 2520423 (D. Colo. June 20, 2008) (noting that the defendants' futility argument "seems to place the cart before the horse," and that "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.")

Therefore, it is ORDERED that Plaintiff's "Motion for Leave to Amend Complaint" (Doc. No. 39) is GRANTED.  The Clerk of Court is direct to file Plaintiff's "Third Amended

Complaint" (Doc. No. 39-1), attaching Exhibit A to Third Amended Complaint (Doc. No. 39-2) thereto.

Dated this 27th day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge