IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02444–WYD–KMT

AMERICAN WEB, INC.,

    Plaintiff,

v.

FLOM CORPORATION, a Maryland corporation,
LLOYD S. STIRMER, an individual,
PETER O. ABELES, an individual, and
JOHN DOE TRUSTEE(S) OF THE STIRMER TRUST,

    Defendants.

---

# ORDER

---

This matter is before the court on "Defendant Abeles' Motion to Stay Discovery Pending Resolution of Defendants' Amended Partial Motion to Dismiss Third Amended Complaint." (Doc. No. 71, filed July 20, 2012.) Defendant Abeles seeks to stay any and all discovery directed to him until ruling on Defendants' "Amended Partial Motion to Dismiss Third Amended Complaint" (Doc. No. 61, filed May 25, 2012 [Partial Mot. Dismiss].).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).  Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  *Id.*

"[A] court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010).  Thus, courts have recognized that a stay of discovery may be warranted while issues of jurisdiction are awaiting resolution. *Kennedy v. McCormick, v. Ferry,* No. 12-cv-00561-REB-MEH, 2012 WL 1919787, at *2 (D. Colo. May 24, 2012) (citing *Gilbert v. Ferry,* 401 F.3d 411, 416 (6th Cir. 2005)).  When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Plaintiff does not oppose a stay as to Defendant Abeles, so long as it is provided with a reasonable period of time to conduct discovery as to its claims against Defendant Abeles—assuming, of course, that he is not ultimately dismissed from this lawsuit. (Mot. at 1-2.) Therefore, any potential prejudice to Plaintiff's ability to proceed expeditiously with its claims against Defendant Abeles does not weigh heavily in the court's analysis. Otherwise, subjecting Defendant Abeles to discovery while a motion to dismiss asserting lack of personal jurisdiction is pending may subject him to undue burden or expense—particularly if Defendants' Partial Motion to Dismiss is ultimately granted with respect to the claims against Defendant Abeles. *Kennedy,* 2012 WL 1919787, at *2 (citing *String Cheese Incident, LLC,* 2006 WL 894955, at *2); *see also E.I. Du Pont De Nemours & Co. v. Teflon Blood Inc.,* 09-cv-2717-WDM-KMT, 2010 WL 1957306, at *2 (D. Colo. May 13, 2010) ("Plaintiff's interest in having its case proceed expeditiously is outweighed by the burden on Defendant of going forward with discovery in a potentially improper jurisdiction.").

The court also considers its own convenience, the interests of non-parties, and the public interest. None of these factors prompt the court to reach a different result. In fact, neither the court or the parties' time is well-served by struggling over the substance of Plaintiff's claims against Defendant Abeles while a dispositive motion implicating the court's jurisdiction is pending. *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a

dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (citation and internal quotation marks omitted).

Accordingly, having considered and balanced the appropriate factors, the court finds that a stay of discovery as to Defendant Abeles is proper in this case. Therefore, it is

ORDERED that "Defendant Abeles' Motion to Stay Discovery Pending Resolution of Defendants' Amended Partial Motion to Dismiss Third Amended Complaint" (Doc. No. 71) is GRANTED. Discovery as to Defendant Peter Abeles is STAYED until ruling on Defendants' Partial Motion to Dismiss Third Amended Complaint (Doc. No. 61). No later than seven (7) days after ruling on Defendants' Partial Motion to Dismiss, should any claims remain pending against Defendant Abeles, the parties shall file a Status Report advising the court as to whether the stay should be lifted.

Dated this 31st day of July, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge